# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIE WILLIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:15CV168 JAR |
| JAMES MULCAHY, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's second amended complaint under 28 U.S.C. § 1915(e). The Court finds that the amended complaint fails to state a claim upon which relief can be granted. As a result, this action is dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Discussion**

Plaintiff's first complaint was defective because it was not filed on the Court's form and because he did not seek leave to proceed in forma pauperis. Upon review, the Court ordered plaintiff to submit an amended complaint. In its Order, the Court instructed plaintiff that he must specifically state whether he intends to sue defendants in their official capacities.

In his amended complaint, plaintiff did not specify whether he intends to sue defendants in their individual or official capacities. The Court noted that where a plaintiff fails to state what capacity he intends to sue defendants, the Court must construe the complaint as including official-capacity claims only. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995). As a result, the Court directed plaintiff to submit a second amended complaint. The Court again instructed plaintiff that he must state whether he intends to sue defendants in their official capacities. The Court also warned plaintiff that his second amended complaint must contain each and every one of his claims and that any omitted claims would be considered abandoned.

In his second amended complaint, plaintiff failed to include any factual allegations about his medical problems for which he claims he was denied treatment. Further he failed to specify whether he intends to sue defendants in their official capacities. Defendants are municipal employees. Defendants cannot be sued in their official capacities unless plaintiff alleges that a policy or custom of a governmental entity is responsible for the alleged constitutional deprivation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). Plaintiff has not made any such allegations. As a result, the amended complaint fails to state a claim upon which relief can be granted.

Accordingly,

2

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 19th day of November, 2015.

                                         JOHN A. ROSS
                                         UNITED STATES DISTRICT JUDGE